1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SIERRA M. SWEETING,                          No.  2:23-cv-2807 DJC DB PS

12                Plaintiff,

13        v.                                       ORDER

14   FEDERAL BUREAU OF
     INVESTIGATION, et al.,
15

16                Defendants.

17

18        Plaintiff Sierra M. Sweeting is proceeding in this action pro se.  This matter was referred

19   to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

20   before the court are plaintiff's complaint, motion to proceed in forma pauperis pursuant to 28

21   U.S.C. § 1915, and request for an injunction.  (ECF Nos. 1-3.)  The complaint concerns alleged

22   wrongdoing by law enforcement.

23        The court is required to screen complaints brought by parties proceeding in forma

24   pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

25   2000) (en banc).  Here, plaintiff's complaint is deficient.  Accordingly, for the reasons stated

26   below, plaintiff's complaint will be dismissed with leave to amend and the request for an

27   injunction will be denied without prejudice to renewal.

28   ////

1

1    **I.       Plaintiff's Application to Proceed In Forma Pauperis**

2           Plaintiff's in forma pauperis application makes the financial showing required by 28

3    U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma

4    pauperis status does not complete the inquiry required by the statute.  "'A district court may deny

5    leave to proceed in forma pauperis at the outset if it appears from the face of the proposed

6    complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d

7    1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th

8    Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th

9    Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed

10   IFP because it appears from the face of the amended complaint that McGee's action is frivolous

11   or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the

12   District Court to examine any application for leave to proceed in forma pauperis to determine

13   whether the proposed proceeding has merit and if it appears that the proceeding is without merit,

14   the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

15          Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

16   poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

17   state a claim on which relief may be granted, or seeks monetary relief against an immune

18   defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

19   arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

20   Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

21   complaint as frivolous where it is based on an indisputably meritless legal theory or where the

22   factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

23          To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

24   state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

25   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

26   true the material allegations in the complaint and construes the allegations in the light most

27   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

28   Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

1  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

2  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

3  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

4  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

5        The minimum requirements for a civil complaint in federal court are as follows:

6             A pleading which sets forth a claim for relief . . . shall contain (1) a

7  short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for

8  judgment for the relief the pleader seeks.

9  Fed. R. Civ. P. 8(a).

10  **II.     Plaintiff's Complaint**

11        Here, plaintiff's complaint fails to contain a short and plain statement of a claim showing

12  that plaintiff is entitled to relief.  In this regard, plaintiff's complaint is handwritten and almost

13  impossible to read.  From the few words and phrases that can be deciphered, it appears that

14  plaintiff is alleging that the "FBI" put plaintiff "in danger by negligently using [plaintiff] as bait

15  for drug dealings" sometime between 2021 and the filing of the complaint.  (Compl. (ECF No. 1)

16  at 6.)  The complaint, however, does not allege any facts such as the dates, locations, and identity

17  of a person involved.  Nor does it identify a claim upon which plaintiff seeks relief.

18        Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

19  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

20  state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

21  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

22  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

23  does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

24  enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

25  557).  A plaintiff must allege with at least some degree of particularity overt acts which the

26  defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

27  ////

28  ////

3

## II.     Leave to Amend

For the reasons stated above, plaintiff's complaint must be dismissed.  The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile.  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Id. at 679.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings.  The amended complaint will supersede the original

4

complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

**III.    Plaintiff's Request For Preliminary Injunction**

On December 14, 2023, plaintiff filed a one-page letter asking for "an injunction" against unidentified "individuals for a pattern of behavior that seems to be malicious in nature."  (ECF No. 3 at 1.)  "In order to obtain a preliminary injunction, a party must establish (1) 'that [it] is likely to succeed on the merits,' (2) 'that [it] is likely to suffer irreparable harm in the absence of preliminary relief,' (3) 'that the balance of equities tips in [its] favor,' and (4) 'that an injunction is in the public interest.'"  Nationwide Biweekly Administration, Inc. v. Owen, 873 F.3d 716, 730 (9th Cir. 2017) (quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).  "'[A] stronger showing of one element may offset a weaker showing of another,'" however, "[a]ll four elements must be satisfied."  hiQ Labs, Inc. v. LinkedIn Corporation, 938 F.3d 985, 992 (9th Cir. 2019) (quoting Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011)).

Moreover, "[a] preliminary injunction is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief."  American Beverage Association v. City and County of San Francisco, 916 F.3d 749, 754 (9th Cir. 2019).  And "[t]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."  Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015).

Here, because plaintiff's complaint will be dismissed with leave to amend due to failure to state a claim, the undersigned could not find that plaintiff has established a likelihood of success on the merits.  For these reasons, plaintiff's request will be denied without prejudice to renewal.

////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed December 4, 2023 (ECF No. 1) is dismissed with leave to amend.

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[1] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

4. Plaintiff's December 14, 2023 request for an injunction (ECF No. 3) is denied without prejudice to renewal.

Dated:  April 23, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/sweeting2807.dism.lta.ord

---

[1] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.